# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY JOHNSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-12-1010 |
| | § | |
| HOME DEPOT USA, INC., | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Remand [Doc. # 5] filed by Plaintiff Anthony Johnson, to which Defendant Home Depot USA, Inc. ("Home Depot") filed a Response [Doc. # 6]. Plaintiff neither filed a reply nor requested additional time to do so. Having considered the full record and applied governing legal authorities, the Court **denies** Plaintiff's Motion to Remand.

## I.   BACKGROUND

Plaintiff filed this lawsuit in Texas state court on February 7, 2012, alleging that he was injured while shopping at a Home Depot store. Plaintiff alleged specifically that a stack of garage doors fell on him. Plaintiff alleged that he had "suffered past and will suffer future medical expense, pain and suffering, emotional distress and lost wage. These damages are within the jurisdictional limits of this court." *See* Original Petition, Exh. B-2 to Notice of Removal [Doc. # 1], p. 4.

On March 5, 2012, Plaintiff served responses to Home Depot's written discovery requests in state court. These responses disclosed that Plaintiff was seeking to recover for, *inter alia*, $79,264.82 in medical expenses. Based on that discovery response, Home Depot filed a Notice of Removal on April 3, 2012.

Plaintiff filed a timely Motion to Remand, arguing that the Notice of Removal was untimely. The Motion has been briefed and is now ripe for decision.

## II.   **ANALYSIS**

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)).

Federal district courts have original subject matter jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between citizens of different states. *See* 28 U.S.C. § 1332; *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011). The parties agree that the requirements for diversity jurisdiction are satisfied in this case.

Plaintiff argues that the Notice of Removal was untimely. A Notice of Removal must be filed within thirty (30) days after the defendant receives "a copy of the initial pleading setting forth" allegations indicating that the case is removable. *See* 28 U.S.C. § 1446(b)(1). It is uncontested that the Original Petition did not set forth the amount in controversy. *See* Motion to Remand, ¶ 4. Plaintiff stated in the Original Petition only that his damages were within the jurisdictional limits of the Judicial District Court of Harris County, but the jurisdictional limit of that court is significantly lower than the federal jurisdictional minimum. *See, e.g., Allen v. Nunez*, 341 S.W.3d 27 (Tex. App. – San Antonio 2010) (comparing Texas Courts of Appeals decisions holding the jurisdictional minimum for Texas district courts is $200.01 with those holding that the jurisdictional minimum is $500.00). Consequently, the face of the Original Petition did not demonstrate that the amount in controversy exceeded this Court's jurisdictional requirement of $75,000.00.

Where, as here, the initial pleading does not allege a basis for removal, the Notice of Removal must be filed within thirty (30) days after the defendant receives "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case" is removable. *See* 28 U.S.C. § 1446(b)(3); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). In this case, Home Depot asserts that Plaintiff's discovery responses on March 5, 2012, constituted the "other paper"

from which it first was ascertainable that the federal amount in controversy requirement was satisfied.

Plaintiff argues that Home Depot knew that the amount in controversy exceeded the $75,000.00 jurisdictional minimum because he sent Home Depot correspondence, including a demand letter for $350,000.00, before filing suit. The Fifth Circuit rejected this same argument in *Chapman*. In that case, the plaintiff sent a demand letter and copies of medical bills in the amount of $67,196.48 before filing suit.[1] After filing the lawsuit, the plaintiff stated in response to interrogatories that he had suffered damages in excess of $800,000.00. The defendant filed a Notice of Removal within thirty days after receiving the interrogatory responses, but more than thirty days after being served with the original complaint. The plaintiff in *Chapman* argued that the removal was untimely. The Fifth Circuit rejected the argument, holding that documents received by the defendant before receiving the initial pleading do not qualify as an "other paper" for purposes of triggering the 30-day time limit for removal. *Chapman*, 969 F.2d at 164. Consequently, the pre-suit medical bills and demand letter sent by Plaintiff to Home Depot were not an "other paper" for purposes

---

[1] At the time of the *Chapman* lawsuit, the amount in controversy was $50,000.00. *See Chapman*, 969 F.2d at 161.

of § 1446(b). As was the case in *Chapman*, removal within thirty days after receiving the discovery responses was timely.

### III.  CONCLUSION AND ORDER

The allegations in the Original Petition did not plead a specific amount in controversy. The information that Plaintiff provided before filing this lawsuit does not qualify as an "other paper" for purposes of triggering the 30-day time period for filing a Notice of Removal. As a result, the Notice of Removal filed by Home Depot within thirty days of receiving Plaintiff's written discovery responses was timely and it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 5] is **DENIED**.

SIGNED at Houston, Texas, this **21st** day of **May, 2012**.

*[signature]*
Nancy F. Atlas
United States District Judge